UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANTRELL J. JENKINS,

    Petitioner,

v.                                          Case No.:  5:25-cv-184-JLB-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**OPINION AND ORDER**

Petitioner Dantrell J. Jenkins filed a document entitled "Proper Location for Habeas Petition," in which he asserts he has "diligently tried saught [sic] to overturn my conviction from: April 11th, 2017 to February 25th, 2025."  (Doc. 1). The Clerk characterized this action as one seeking relief under 28 U.S.C. § 2254. Petitioner attaches numerous documents related to his appeal from his conviction arising out of the Circuit Court for Bradford County, Florida.  (Doc. 1-1).  Based on Petitioner's filing and attachments, it appears he is seeking an extension of time to file a habeas petition beyond the statute of limitations.  Notably, Petitioner has not filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Petitioner "must first file a habeas corpus petition before the Court may act on his substantive claims or on his claim that he might be entitled to equitable tolling of the limitations period."  Osborn v. Sec'y, Dep't of Corr., No. 2:23-cv-290-JES-NPM, 2023 WL 3394161, at *2 (M.D. Fla. Apr. 25, 2023).  When a petitioner

has not filed a habeas petition "at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard." Swichkow v. United States, 565 F. App'x 840, 844 (11th Cir. 2014) (holding that the district court lacked jurisdiction to consider a motion to extend the one-year limitation period for a section 2255 petition when no section 2255 petition had been filed); see also United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) ("Here, because Leon has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory."). Because Petitioner has not filed an actual habeas corpus petition under section 2254 and his construed motion does not articulate any claims or arguments on which habeas relief could be granted, the Court lacks jurisdiction over this matter. See Stewart v. United States, 646 F.3d 856, 857 n.1 (11th Cir. 2011) (noting that a court may construe a pro se motion or notice as a substantive habeas corpus petition where the motion or notice contains allegations sufficient to support a claim for habeas relief). Thus, the case must be dismissed.

As a final matter, Petitioner's conviction arises out of Bradford County, Florida, and therefore would properly be brought in the Jacksonville Division of the Middle District of Florida. See M.D. Fla. R. 1.04(a).

Accordingly, it is now

**ORDERED:**

1. This action is **DISMISSED without prejudice** for lack of jurisdiction.

2. The Clerk is **DIRECTED** to close this case.

**DONE and ORDERED** in Fort Myers, Florida on this 24th day of March, 2025.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies: Petitioner